Law Library

FILED
SUPERIOR COURT

2012 MAY 29 PM 2: 53

CLERK OF COURT
BY.

## IN THE SUPERIOR COURT OF GUAM

GUAM ECONOMIC DEVELOPMENT AND )     CIVIL CASE NO. CV0841-01
COMMERCE AUTHORITY,     )
                                )
                Plaintiff,     )     **DECISION AND ORDER**
                                )
        v.                       )
                                )
AFFORDABLE HOME BUILDERS, INC.,     )
dba GUAM CONCRETE BUILDERS, INC.,     )
A Guam Corporation, AND THOMAS V. C.     )
TANAKA AND JANE C. TANAKA,     )
Husband And Wife,     )
                                )
                Defendants.     )
                                )

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 24th day of June, 2011, for hearing on Defendants' motion to dismiss made pursuant to Rule 41(b). Attorney John C. Terlaje represented the Plaintiff, and Attorney Peter F. Perez represented the Defendants. The Court now issues the following Decision and Order on the matter presented.

## PROCEDURAL HISTORY

This case was filed on May 17, 2001. The case was originally assigned to Judge Manibusan and remained on his docket until his retirement, when it was assigned to Judge Barcinas in January of 2005. During its pendency, this case has been set for trial and subsequently rescheduled on at least ten occasions. Many of these trial dates were rescheduled at the request of the Defendants. However, the Plaintiff has also stipulated to reschedule some

of these dates as well. As it currently stands, the most recent trial date was scheduled to occur in February of 2008, but was removed from the trial calendar. As of February of 2008, Plaintiff has not since requested that this matter be scheduled for trial, nor filed any motions, dispositive or otherwise, which would move this case forward.

On May 6, 2010, after a period of nearly three years without any filings or activity on the part of the Plaintiff, the Court issued a Notice of Pending Dismissal for Lack of Prosecution, ordering the Plaintiff to show good cause in writing, five days prior to July 23, 2010, or the Court would dismiss the case on the basis of GRCP Rule 41, and the Court's inherent authority to control its docket and the advancement of cases. See GRCP Rule 78 (2011); and 7 GCA § 7107 (2011). The Plaintiff did not file any written statement of good cause on or before July 23, 2010.

Subsequently, on October 11, 2010, the Plaintiff filed an "Objection to Dissmissal(sic) of Lack of Prosecution and Memorandum of Points and Authorities," through its new counsel, John Terlaje, Esq., arguing that dismissal was not warranted under GRCP Rule 41. The Defendants filed adjoining memoranda "in Support of the Court's Motion to Dismiss for Failure to Prosecute and in Opposition to Plaintiff's Reply," supplying the Court with arguments in support of the Court's original Notice of Pending Dismissal for Lack of Prosecution.

## DISCUSSION

A) Rule 78 and the Time Rule

Rule 78 of the Guam Rules of Civil Procedure states, "the judge at any time or place and on such notice, if any, as the judge considers reasonable may make orders for the advancement, conduct, and hearing of actions." GRCP Rule 78 (2011). In this case, after a delay of nearly three years, the Court issued an order to the Plaintiff, instructing the Plaintiff to show good

cause that this case should not be dismissed, yet the Plaintiff took no action in the case between the time of the Court's order on May 6, 2010, and October 11, 2010, a period of approximately one and one half years. Moreover, the Plaintiff's last filing before the Plaintiff filed its opposition to dismissal on October 11, 2010, was made on March 14, 2007. The intervening time period wherein the Plaintiff presented no new filings to the Court lasted approximately three and one half years. Most significantly, since objecting to dismissal for failure to prosecute on October 11, 2010, the Plaintiff has presented no new filings, and has made no attempt to schedule this matter for trial. This total period of inaction by the Plaintiff spans more than five years.

The Court finds that the resolution of this case has been unduly delayed, and the Court is mindful of the time limits set forth by the Supreme Court of Guam Administrative Rule 06-001, known as the "time rule," urging that all civil cases be concluded within eighteen months of the date filed. Supreme Court of Guam Administrative Rule 06-001, Regarding Case Management & Disposition Within the Superior Court of Guam Pursuant to Public Law 28 137:1, p.4. This case has been on the docket of the Superior Court of Guam for approximately 144 months, or twelve years, which is more than eight times as long as the desired limit on such cases. This delay is based in part on the fact that the Plaintiff has been sitting idle for more than five years, despite the orders of the Court informing the Plaintiff that further delay and inaction would result in dismissal. This delay, including the delay attributable to the Plaintiff since the Plaintiff argued that the most of this delay is attributable to the Defendants in June of 2011, is unacceptable. Based on the Court's authority to make orders for the swift resolution of cases under GRCP Rules 1 and 78, and the Time Rule, the Court finds that dismissal of this case is warranted.

B) Rule 41 Dismissal

To determine whether dismissal is appropriate under GRCP Rule 41(b), the Supreme Court of Guam has employed a five-factor test: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." Park v. Kawashima, 2010 Guam 10 ¶ 10 (quoting Santos v. Carney, 1997 Guam 4 ¶ 5); accord Petition of Quitugua v. Flores, 2004 Guam 19 ¶ 16; Estate of Concepcion, 2003 Guam 12 ¶ 15; and GHURA v. Dongbu Insurance Co., Ltd., 2002 Guam 3 ¶ 15. Despite the unopposed status of the motion, the Court has an obligation to determine issues on their merits, Mano v. Mano, 2005 Guam 2 ¶ 17; and Quitugua v. Flores, 2004 Guam 19 ¶ 28, and thus, the Court will conduct an analysis of the five factors to determine whether dismissal is appropriate under GRCP Rule 41(b).

As noted by the Supreme Court of Guam, "[t]he Guam Rules of Civil Procedure do not define what is a "failure to prosecute" sufficient to warrant dismissal." Santos, 1997 Guam 4 at ¶ 5. However, the harsh sanction of dismissal for failure to prosecute under Rule 41(b) typically arises in cases where there has been either a pattern of delay or consistent disobedience of the orders of the court. In deciding whether to dismiss a case for failure to prosecute, the trial court must find the existence of at least one of these factors, and then consider the particular circumstances of the case, including the frequency and magnitude of the plaintiff's failure to comply with court deadlines and the degree of any resulting delay or prejudice to the defendants. Id., at ¶¶ 4–5, and 11.

Under Rule 41(b), the initial burden is on the Plaintiff to show that the delay is reasonable and that the defendant is not prejudiced by the delay. In re Estate of Concepcion,

2003 Guam 12 ¶ 15 (citing <u>Santos</u>, 1997 Guam 4 ¶ 5). "[O]nce a delay is determined to be unreasonable, prejudice . . .is presumed." <u>Park v. Kawashima</u>, 2010 Guam 10 ¶ 21 (quoting <u>Santos</u>, 1997 Guam 4 ¶ 8). However, if the Plaintiff is able to show that there is a reasonable excuse for the inaction, the burden shifts to the defendant who must then demonstrate prejudice. <u>Id</u>.

The first two factors of the test, the public's interest in expeditious litigation and the Court's docket management, are ordinarily considered together. <u>Santos</u>, 1997 Guam 4 at ¶ 7. A review of the record in this case reveals that Plaintiff has failed to move this case forward in its twelve year pendency, and there has been no activity on the part of the Plaintiff which could be categorized as "prosecutorial" between 2008 and the present time. Plaintiff has taken no action to pursue resolution of the claims in the complaint, and has submitted no filings designed to pursue this case in the last year and a half. Since the Court issued its warning to the Plaintiff of pending dismissal, approximately two years ago, the Plaintiff has filed no documents, scheduling orders, discovery plans, or other requests for trial in the matter.

Civil Case No. CV0841-01 was filed in this Court approximately twelve (12) years ago, and the record is silent regarding any affirmative actions Plaintiff has undertaken in the prosecution of its claims since 2008. Since 2006, this Court has operated under a new time standard urging that all civil matters be completed and closed within eighteen months of filing. Supreme Court of Guam Administrative Rule 06-001, effective September 15, 2006. This case has exceeded the limitations of that standard, and perhaps most importantly, the Plaintiff has indicated to the Court that the only reason urged for the delay in this case is the contemplation of settlement.

Plaintiff argues that Defendant is partly responsible for the delay in resolution of this matter because the Plaintiff has been engaged in settlement negotiations with the Defendants. Plaintiff is, in essence, arguing that it has fulfilled its duty as a Plaintiff to prosecute its claims in court by conducting negotiations. The Court disagrees. Even if the parties mutually engaged in thorough settlement negotiations, the Court is not privy to such negotiations, the talks are not made on the record, and they have very little effect on Plaintiff's burden to advance their claims in court. Settlement negotiations, even when conducted in earnest, do not excuse plaintiffs from pursuing their case diligently and do not constitute good cause for inordinate delay in bringing a case to trial. Park v. Kawashima, 2010 Guam 10 ¶¶ 16–19.

Other than attorney withdrawals and stipulations to continue trial, few other filings have been submitted by the Plaintiff since 2007. The Court can find no reason to prolong this case's existence on its crowded docket. The delay of at least five years of inactivity in this case is substantial and unjustified. Considering the public interest and the delay to the Court's calendar and caseload, the Court finds that the failure to prosecute this case is unreasonable. Thus, the first two considerations of Santos weigh in favor of dismissal.

Prejudice may be presumed as a result of unreasonable delay. Park v. Kawashima, 2010 Guam 10 ¶ 21; and Santos, 1997 Guam 4 ¶ 8; see also San Nicolas v. Guam United Trading Serv. & Fin. Co. Inc., Civil Case No. 94-00050A, 1995 WL 604373 at *3 (D.Guam App.Div.1995). The Court finds that Defendant has been presumptively prejudiced by the delay in this case. Advancement of Plaintiff's claims to resolution is within Plaintiff's control, and the avoidance of prosecution of its claims to a resolution at trial is the reason that a final resolution has not been reached. Thus, the third factor of Santos also weighs in favor of dismissal.

It is a well settled proposition of law that the Court favors disposition on the merits. However, as held in Santos, the question is whether the policy favoring determination of cases on their merits justifies the delay and prejudice caused by the Plaintiff's inaction. Santos, 1997 Guam 4 ¶ 9 (citing to In re Eisen, 31 F.3d 1447, 1454 (9th Cir. 1995)). It is sufficient to demonstrate that the plaintiff has "ignored his responsibilities to the court in prosecuting the action and the defendant had suffered prejudice as a result thereof." Id. (quoting Anderson v. Air West, Inc., 542 F.2d 522, 526 (9th Cir.1976)). The public policy of determining cases on their merits should not be used defensively as a shield by a passive plaintiff who has failed in his obligation to prosecute a defendant with the vigor expected of a plaintiff. Santos, 1997 Guam 4 ¶ 9. In this matter, the undisputed presumptive prejudice outweighs the Court's preference for disposition on the merits.

Finally, the Court is empowered to issue warnings or impose lesser sanctions than dismissal. Although this factor generally weighs in favor of the plaintiff where the trial court has not previously imposed sanctions, it may weigh in favor of the defendant where the trial court has previously issued such sanctions or warnings. Further, the availability of lesser sanctions does not, in and of itself, preclude dismissal where warranted. "[T]he trial court is not required to impose lesser sanctions, when the rules do not so provide, and when to do so would encourage neglect and noncompliance with the Guam Rules of Civil Procedure." Id. at ¶ 10; see also Lynn v. Chin Heung Intern., 852 F.2d 1221, 1222 (9th Cir.1988) (affirming the Superior Court of Guam's decision to dismiss a complaint pursuant to Rule 41(b) despite the absence of a warning or the consideration of lesser sanctions).

In this case, the Court has previously warned the Plaintiff, that dismissal was being contemplated for the failure to prosecute this case. The Court has not imposed lesser sanctions,

but finds that the imposition of a lesser sanction than dismissal would not serve to encourage more haste on the part of the Plaintiff, because it is plain that the Plaintiff has not heeded the Court warning.

After consideration of the five factors, the Court finds that dismissal is warranted under the circumstances presented. The Plaintiff has failed to meet the burden of establishing the reasonableness of delay in prosecuting this case, and has failed to rebut the presumption of prejudice arising from this delay.

## CONCLUSION

After considering the matter, pursuant to GRCP Rules 41, and 78, the Court finds that the Plaintiff has failed to diligently prosecute Civil Action No. CV0841-01, and that the delay in this case is extensive and unjustified. Based upon the foregoing, CV0841-01 is DISMISSED.

**IT IS SO ORDERED** this ___MAY 2 9 2012___.


HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam


I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

MAY 2 9 2012

Joleen C. Camacho
Deputy Clerk, Superior Court of Guam